IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NTM, INC.,

                          Plaintiff,

        v.                                                          ORDER

A.R. ARENA PRODUCTS INC.,                                          24-cv-830-jdp

                          Defendant.

---

This breach of contract case is scheduled for trial in June 2026, with pretrial submissions due in May. The parties must address two issues.

The first issue is about subject matter jurisdiction. NTM Inc. relies solely on 28 U.S.C. § 1332 as its basis for jurisdiction, but the record doesn't include all the information necessary to meet the requirements of that statute. The amended complaint alleges an amount in controversy more than $75,000, but the court needs more information about the parties' citizenship.

As for NTM's citizenship, NTM alleges that it is a Wisconsin corporation with a principal place of business in Wisconsin. Dkt. 6, ¶ 1. That was adequate at the pleading stage, but allegations aren't enough to establish jurisdiction for trial. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). A.R. Arena Products, Inc. did not admit NTM's citizenship in its amended answer, and there is no other evidence in the record on that issue.

As for A.R. Arena's citizenship, NTM alleges that A.R. Arena is a "foreign" corporation and that it has an address in New York. Dkt. 6. A.R. Arena's corporate disclosure form says only that it is a citizen of New York. That isn't enough: the parties must submit evidence of A.R. Arena's principal place of business and its state of incorporation. 28 U.S.C. § 1332(c)(1).

NTM has the burden to prove jurisdiction, so the court will give plaintiff until April 3 to provide supplemental materials establishing jurisdiction. The court expects A.R. Arena to cooperate in the effort to establish citizenship, and the parties may file a stipulation on jurisdiction, so long as the stipulation lays out all the relevant facts about the citizenship of the parties. *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 134 (7th Cir. 1996). If the parties do not respond by the deadline, the court will dismiss the case for lack of jurisdiction.

The second issue is about the materials the parties must submit to the court before trial. No party moved for summary judgment in this case, so it is not clear what the issues are. To assist the court in preparing for trial, both sides are directed to file a trial brief by May 1, 2026, along with the other required pretrial submissions discussed in the preliminary pretrial conference order. Those briefs should include the following information: (1) a summary of all the claims and defenses that need to be resolved at trial; (2) an explanation of each issue that the jury will have to decide to resolve those claims; (3) a summary of the evidence the parties intend to offer on each issue; and (4) an explanation for why the parties included each of their proposed substantive jury instructions and how those instructions relate to a question on their proposed verdict form. More generally, the trial briefs should include the factual and legal context necessary for a proper understanding of the parties' theory of the case, proposed jury instructions, verdict form, and motions in limine.

Entered March 20, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2